### SETH MILLER *vs.* EDWARD M. ROBINSON.

A decision by a judge of the superior court, in a case in which a trial by jury was waived by the parties, that a lien upon a ship exists for materials furnished, will be set aside, if the bill of exceptions does not show that it was found and determined by him, as a distinct fact, that the same were furnished for that ship by virtue of a contract to that effect with the owner, or other person thereto authorized.

PETITION for the enforcement of a lien upon the same ship mentioned in the preceding case. At the trial in the superior court, upon facts and under circumstances which are stated in the opinion, *Russell,* J. found for the petitioner, and the respondent alleged exceptions.

*T. M. Stetson,* for the respondent.

*R. C. Pitman,* for the petitioner.

MERRICK, J. In this case a trial by jury was waived by the parties, and it thereupon came on to be heard and determined by the court. Gen. Sts. *c.* 129, § 66. When this course of proceeding is resorted to, the duty is devolved upon the court to pass upon and decide all questions of fact which arise upon the hearing, and which would otherwise have fallen within the province of a jury.

The evidence which was submitted to the court at the hearing is reported in the bill of exceptions. After it had all been introduced, the respondent contended that, although the petitioner might have a claim against Meigs & Cannon, no lien upon the ship had been established. But the court ruled otherwise; that is, in effect, that such lien did exist, and that the petitioner was entitled to enforce it. To this ruling exception was taken by the respondent.

The evidence reported has a tendency to show that the petitioner entered into a contract with Meigs & Cannon, the owners and builders of the ship, to furnish a certain portion of the timber necessary for, and to be used in the construction of it. This, if shown to be a fact, would have an essential bearing upon the question, whether a lien had ever been created in favor of the

petitioner to secure the debt due to him. But whether this fact was established by the evidence produced does not appear, from any statement in the bill of exceptions, to have been determined by the court, as it must necessarily have been by the verdict of the jury, if it had been submitted to them. And as the right and duty of this court to reëxamine the proceedings in the superior court is limited to the decision merely of the questions of law which are presented in the bill of exceptions, under which only they are brought here, we have no authority, without the consent and agreement of the parties in interest, to pass upon the evidence in relation to a question of fact.

And because the bill of exceptions does not show whether this material question of fact, relative to a supposed or alleged contract between the petitioner and Meigs & Cannon, was determined, we are wholly unable to ascertain upon what ground, or for what reason, it was held by the court that the alleged lien upon the ship was established. And as proof of such a contract is indispensable to show that a lien upon the ship had arisen for the security of the payment to the petitioner for the material furnished by him, the ruling of the court that the lien was established, and that he was entitled to enforce it, without having first found or determined the fact that such a contract had been made and entered into by the parties, was necessarily erroneous.

Without therefore now considering any other question, we are of opinion that, as it does not appear from the bill of exceptions that the cause proceeded at the hearing to a final and definite determination of the question of fact, the decision of which is essential to the ascertainment of the rights of the parties, the ruling of the court was erroneous, and that the exceptions taken to it must be sustained, and a new trial granted.

*Exceptions sustained.*